## (July 10, 1962)

■ In the Matter of the Arbitration between IRA STROUD, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

APPEAL from order of the Supreme Court at Special Term, entered October 2, 1961, in New York County, which denied a motion by appellant for an order staying arbitration and vacating the demand for arbitration.

Order entered on October 2, 1961, denying appellant's motion to stay an arbitration, affirmed, with $20 costs and disbursements to petitioner-respondent. Although in Matter of Rosenbaum [Amer. Sur. Co. of N. Y.] (11 N Y 2d 310), it was held that under the MVAIC indorsement the only controversies which MVAIC may be compelled to arbitrate are the issues of fault and damages, that does not prevent the parties, by their acts, from broadening the scope of the arbitration. In this case, it appears that appellant filed an answer to the demand

for arbitration, and thereafter conducted an examination before trial in the arbitration proceeding, before making the motion for a stay of arbitration. By its conduct, therefore, MVAIC waived any right to object to the scope of the arbitration. Consequently, the arbitrator may consider not only the matters of liability and damages, but also the question as to whether the exclusionary provision upon which appellant relies, precludes recovery by respondent under the facts in this case.

STEUER, J. (dissenting). In September, 1959 petitioner was a passenger in an automobile owned by one Culpepper. There was a collision with another automobile and petitioner was injured. The other automobile was uninsured and petitioner, pursuant to the accident indemnification clause in Culpepper's policy, demanded arbitration of the issues of negligence and damages between himself and Motor Vehicle Accident Indemnification Corporation (herein MVAIC). The latter refused the demand on the ground that it was not timely. That issue was tried by the court and the demand was found to be timely. Petitioner had also brought suit against Culpepper. This action was settled about the time of the hearings on the question of timeliness. The policy contained a clause excluding MVAIC from liability when the person seeking to recover " shall, without written consent of MVAIC, make any settlement with * * * any person or organization who may be legally liable therefor ".

Immediately on the conclusion of the proceedings as to timeliness, respondent moved to stay arbitration on the basis of this clause. Special Term denied the application with a direction that the issue be included in the matters to be arbitrated. In any event, this provision is improper as it is now recognized that the only matters subject to arbitration are the issues of negligence and damages (*Matter of Rosenbaum* [*Amer. Sur. Co. of N. Y.*], 11 N Y 2d 310; *Matter of Motor Vehicle Acc. Ind. Corp.* [*Linder*], 17 A D 2d 610). It would follow that whether the quoted clause is a bar to recovery should be determined by the court and not by arbitrators. Respondent has set forth various reasons, namely, waiver, illegality, and actual prior assent to the settlement, why the clause should not be enforced against him. These issues were not litigated below and we believe it is essential that they should be.

The order should be reversed and the matter remitted to Special Term for disposition.

Breitel, J. P., Valente and McNally, JJ., concur in decision; Steuer, J., dissents in opinion in which Eager, J., concurs.

Order entered on October 2, 1961, denying appellant's motion to stay an arbitration, affirmed.