■ In the Matter of MARK S. TICOTIN, Appellant, v SIMON PROPERTY GROUP, INC., as Successor in Interest to CORPORATE PROPERTY INVESTORS, INC., Respondent. [735 NYS2d 54] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 17, 2001, which confirmed, in part, the award of the arbitrators, and order, same court and Justice, entered on or about January 5, 2001, which granted in part petitioner's motion to confirm and granted respondent's cross motion to modify the award, unanimously modified, on the law, to deny respondent's cross motion and to grant the motion to confirm in its entirety, with costs. The Clerk is directed to enter judgment accordingly.

Petitioner was president and chief operating officer of Corporate Property Investors, Inc. (CPI) when he and CPI executed an employment agreement in September 1998 which contemplated CPI's merger with Simon De Bartolo Group, Inc. (SDG). The merger had been agreed in February and it took place the day after petitioner executed his employment agreement. The agreement provided for a base salary and annual bonus, the latter in an amount equal to no less than the base salary for the calendar year or portion thereof. The agreement further provided for termination without cause accompanied by a severance payment calculated on the basis of petitioner's base salary and bonus. Early in 1999, petitioner was terminated without cause and when respondent proposed a severance payment which did not include any bonus for 1998,

petitioner invoked the employment agreement's arbitration clause which broadly provided that "[a]ny dispute arising out of or relating to this Agreement or the breach, termination or validity thereof * * * shall be finally settled by arbitration * * *." The arbitrators generally found in petitioner's favor and this action was thereafter commenced to confirm the award. The IAS court modified the arbitration award to eliminate any compensation calculated with reference to time prior to September 1998, finding that the arbitration agreement only encompassed disputes arising out of the employment agreement and that the agreement only covered the last few months of 1998.

Respondent waived any jurisdictional argument with respect to the scope of the arbitrator's authority since such was not raised at the arbitration (*United Buying Serv. Intl. Corp. v United Buying Serv. of Northeastern N. Y.*, 38 AD2d 75, 79, *affd* 30 NY2d 822; *Matter of Stroud [Motor Vehicle Acc. Indem. Corp.]*, 17 AD2d 616, *affd* 13 NY2d 611). Respondent did not argue before the arbitrators that petitioner's claim for a 1998 bonus should be limited to the last quarter of that year even though petitioner had clearly stated at the outset that one issue before the panel was a bonus award for the entire year of 1998. The arbitration clause here is a broad one; to exclude a substantive issue would have required specific enumeration in the arbitration clause itself (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.